ELIZABETH S. THOMPSON

v.

ROBERT N. THOMPSON

Record No. 830450

April 25, 1986

Present: All the Justices

*Barry Randolph Koch (Edward T. Caton; Caton & Koch, P.C.,* on brief), for appellant.
*Louis W. Kershner* for appellee.

PER CURIAM.

The only issue to be decided on this appeal is whether the chancellor correctly concluded that a written agreement between husband and wife did not bar a suit for partition of the marital domicile.

Robert Thompson and Elizabeth Thompson were divorced by final decree entered September 13, 1979. In January 1980, the husband filed a bill of complaint seeking partition of the marital home then owned by the divorced parties as tenants in common. The wife filed a special plea of agreement not to sue, and the cause was referred to a commissioner in chancery.

The commissioner heard the testimony of the parties *ore tenus*. The evidence showed that Mrs. Thompson returned to the family home following a two-year absence in Illinois. Mr. Thompson testified that his wife promised him that "she would merely stay there a couple of days until she could find a place to live." "After one or two weeks," he said, "she informed [him] that she was not leaving again." Mr. Thompson then contacted his attorney, Mr. Milius, and "asked him to institute proceedings to evict her." A divorce suit filed by Mr. Thompson was pending during this period, relations between the parties were strained, "foreclosure on the house was eminent [sic]", and Mr. Thompson asked his wife to join him in acquiring an $8,000.00 loan secured by a second deed of trust on the home. He promised to make the payments on that loan and to give her $1,800.00 out of the proceeds to buy a car and pay the debts she had accumulated in Illinois.

These promises were memorialized in an August 27, 1977 agreement drafted and typed by Mr. Thompson. The agreement also committed Mr. Thompson "to pay the remaining balance of this second mortgage from [his] half of the net proceeds from the sale of the house" and "[t]o withdraw or refrain from legal action to remove [Mrs. Thompson] from the house." The latter provision was included, Mr. Thompson said, because he had "agreed to tell Mr. Milius that [he] wanted to hold off on the eviction action."

Mrs. Thompson disagreed. According to her testimony, Mr. Thompson had repeatedly threatened to "throw [her] out of the house", and she executed the second deed of trust with the understanding that this provision was written assurance that she "could live there the rest of [her] life."

The commissioner resolved the dispute in favor of the husband. In his report, he stated that he did "not believe the contention that the complainant promised the defendant that she could re-

main in the house for the rest of her life." Finding that the house was "not susceptible to partition in kind", he recommended partition by sale. In a final decree entered December 14, 1982, the chancellor ruled that "the finding of the Commissioner that the proper construction of said contract does not bar the prosecution of this action should be confirmed" and ordered partition by sale at public auction.

As the wife says on appeal, any ambiguity in the "withdraw or refrain" language of the agreement must be construed against the author. The agreement must be read as a whole, however, and the provision contemplating a possible sale of the property tends to contradict Mrs. Thompson's interpretation of the language. Parol evidence was properly admitted to resolve the ambiguity concerning the intent of the contracting parties. The testimony bearing upon this question of fact was in conflict. The commissioner, who saw, heard, and evaluated the witnesses, resolved the ambiguity in favor of the husband.

> The report of a commissioner in chancery, who hears the evidence *ore tenus*, is entitled to great weight and should not be disturbed unless its conclusions are unsupported by the evidence. The decree of a trial court confirming the report is presumed to be correct and will not be reversed unless plainly wrong.

*Bailey* v. *Pioneer Savings and Loan*, 210 Va. 558, 562, 172 S.E.2d 730, 734 (1970) (citations omitted). *See also Hudson* v. *Clark*, 200 Va. 325, 329, 106 S.E.2d 133, 136 (1958).

Applying consistent precedent, we will affirm the decree.

*Affirmed.*